UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| KENNETH SHARP, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:03-CV-552 |
| | ) | | (VARLAN/GUYTON) |
| | ) | | |
| JO ANNE B. BARNHART, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on the plaintiff's Petition for Award of Fees [Doc. 20] and the defendant Commissioner's Motion to Strike Plaintiff's Supplemental Brief. [Doc. 34]. The plaintiff contends that the Commissioner's position was not substantially justified, and that he is therefore entitled to attorney's fees and costs under the Equal Access to Justice Act. [Docs. 20, 31]. The Commissioner opposes the plaintiff's Petition, arguing that the Commissioner's position was substantially justified. [Doc. 30]. The Commissioner further argues that the plaintiff's Supplemental Brief [Doc. 33] should be stricken from the record because the plaintiff did not request leave to file a supplemental brief. [Doc. 34]. The plaintiff contends that leave to file a supplemental brief is not required when the brief is in response to events occurring after the party's final brief has been filed. [Doc. 36].

**A.     Procedural History**

On October 27, 2003, the plaintiff, Kenneth R. Sharp ("Plaintiff"), filed a complaint in this Court seeking judicial review under 42 U.S.C. § 405(g) of a "final decision" of the Commissioner. On September 13, 2004, the Court issued an order denying Plaintiff's motion for summary judgment and granting the Commissioner's motion for summary judgment. On October 22, 2004, Plaintiff filed a notice of appeal. On October 26, 2005, the United States Court of Appeals for the Sixth Circuit remanded this matter to the Commissioner for further administrative proceedings.

**B.     Petition for Award of Fees**

On January 9, 2006, Plaintiff filed a Petition for Award of Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting an award of attorney's fees in the amount of $10,281.40. The memorandum in support of the motion for attorney's fees includes an itemization from Kenneth A. Miller, Esq., of Miller & Lefebvre, wherein he sets forth the time spent on this case in federal court. [Doc. 20, Attachment 3].

EAJA provides, in pertinent part, that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Therefore, four conditions must be met before an attorney is entitled to EAJA attorneys' fees: (1) the plaintiff must be a prevailing party; (2) the government's position must be without substantial justification; (3) no special circumstances warranting denial of fees may exist; and (4) the application for attorneys' fees must be filed within 30 days of the final judgment in the action. Id. § 2412(d)(1)(A)-(B).

**PREVAILING PARTY**

Plaintiff is a "prevailing party," as he received a sentence four remand for further fact finding and the taking of further evidence. *See Shalala v. Schaefer*, 509 U.S. 292, 295-302 (U.S. 1993) (holding that a sentence four remand provides prevailing party status to the plaintiff); *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (U.S. 1989) (holding that a "prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought").

**SUBSTANTIAL JUSTIFICATION**

The "substantial justification" standard in EAJA cases requires the government's position to have been "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing, *inter alia*, *Pierce v. Underwood*, 487 U.S. 552 (1988)). In *Pierce*, the Supreme Court specifically held that:

> [w]e are of the view . . . that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" - that

> is justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce*, 487 U.S. at 565 (citations omitted). The government bears the burden of proving that its position was substantially justified. *Willis v. Sullivan*, 730 F. Supp. 785, 787 (M.D. Tenn. 1990) (citing, *inter alia*, *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162 (6th Cir. 1985)). The Sixth Circuit has held that

> [f]or the purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation. *Spencer v. N.L.R.B.*, 712 F.2d 539, 559 (D.C. Cir. 1983), *cert. denied*, 466 U.S. 936 (1984).

*Perket v. Secretary of Health and Human Services*, 905 F.2d 129, 135 (6th Cir. 1990). However, the substantial justification standard is different from the substantial evidence standard used to review the Commissioner's decision to deny benefits. *See Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) (holding that "[t]he fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified"). Therefore, the Commissioner can lose on the merits of the disability claim and still win on the application for attorney fees. *See id.* Furthermore, the EAJA dictates that whether "the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency

4

upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Commissioner opposes Plaintiff's petition for EAJA fees, contending that her position was substantially justified, and thus, Plaintiff is not entitled to attorney's fees under EAJA. [Doc. 30]. She argues that while the ALJ's decision may not have been supported by substantial evidence because it was not adequately explained in accordance with the "treating physician rule," the ALJ's decision was at least substantially justified. [Id.]. Plaintiff argues that while the Commissioner's decision to litigate was substantially justified, the ALJ's rejection of the opinions of the treating physicians and failure to abide by the "treating physician rule" was not substantially justified. [Doc. 31].

The "treating physician rule," 20 C.F.R. § 404.1527(d)(2), states, in pertinent part, that:

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

Id. Furthermore,

5

> [t]he Supreme Court has long recognized that a federal agency is obliged to abide by the regulations it promulgates. *See Vitarelli v. Seaton*, 359 U.S. 535, 545 (1959); *Service v. Dulles*, 354 U.S. 363, 372 (1957); *Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954). An agency's failure to follow its own regulations "tends to cause unjust discrimination and deny adequate notice" and consequently may result in a violation of an individual's constitutional right to due process. Where a prescribed procedure is intended to protect the interests of a party before the agency, "even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed." *Vitarelli*, 359 U.S. at 547 (Frankfurter, J., concurring).

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (quoting *Sameena, Inc. v. United States Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998)).

The ALJ provided four reasons for rejecting the opinions of Plaintiff's treating physicians: (1) "the frequency of [the physicians'] individual examinations/treatments [do] not match the [frequency of] absences that they provided" in their opinions; (2) none of Plaintiff's physicians had "seen [Plaintiff] a total of 10 times, much less 10 times in any given month after April 2001"; (3) "the issue of disability based upon frequent absenteeism . . . remains an issue reserved to the Commissioner"; and (4) the physicians' "opinions as to the frequency of absences must be based on a solid clinical and diagnostic foundation which is not manifest in the instant record." [Tr. 28].

The Court finds that the first two bases do not provide substantial justification for the ALJ's decision. As the Sixth Circuit noted, the ALJ failed to explain why a doctor must see a patient ten times in a month in order to opine that the patient will miss ten days of work

per month. Without such an explanation, the Court cannot find that the ALJ's decision was reasonable "both in fact and in law." Similarly, the Court finds that the third explanation does not provide substantial justification for the ALJ's decision. In light of Sixth Circuit jurisprudence on the evaluation of episodic diseases,[1] and in light of the extensive medical evidence regarding Plaintiff's medical conditions, the Court cannot find that the third explanation was reasonable "both in fact and in law."

Finally, the Court finds that the fourth explanation does not provide substantial justification for the ALJ's decision. In light of the medical evidence present in the record,[2] the ALJ's bare statement that the physicians' opinions were not supported by a clinical and diagnostic foundation, especially considering that there was clinical and diagnostic evidence in the record, is insufficient to meet the regulatory requirement of providing "good reasons," and therefore is not reasonable under the law. Given the uncontradicted medical evidence showing Plaintiff suffered from right Meniere's disease and left benign positional vertigo, the ALJ was required to explain why the ALJ felt that these medical conditions were not disabling, or why the ALJ felt that the medical evidence was lacking. In the absence of a

---

[1] *See Wilcox v. Sullivan*, 917 F.2d 272, 277 (6th Cir. 1990) (holding that, in evaluating episodic diseases, "consideration should be given to the frequency and duration of the exacerbations, the length of the remissions, and the evidence of any permanent disabilities").

[2] See Tr. 283 (Dr. Horton noting that ENG testing was suggestive of benign positional vertigo, ABR was suggestive of right retrocochlear lesion, and EcoG was suggestive of Meniere's disease); Tr. 352 (Dr. Schwaber opining that Plaintiff has right sided Meniere's disease and left sided benign positional vertigo); Tr. 399-400 (post-operative notes describing results of Meniere's disease surgery); Tr. 446 (Dr. Haskins describing Plaintiff's history with Meniere's disease); Tr. 462 (Dr. Schwaber describing Plaintiff's vertigo problems).

clear explanation for why the ALJ rejected the opinions of Plaintiff's treating physicians, and in light of the clear regulatory requirement of providing "good reasons" for rejecting a treating physician's opinion, the Court cannot find that the ALJ's failure to properly explain his reasoning was reasonable.[3] The ALJ's failure to properly explain his reasoning must be considered in the substantial justification analysis, and, ultimately, this error outweighs the Commissioner's other arguments. Therefore, the Court finds that the Commissioner's position was not substantially justified.

## SPECIAL CIRCUMSTANCES

EAJA fees are not appropriate when special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The Court finds that there are no special circumstances in the instant case which would render an award of fees unjust.

## TIMELINESS

Under EAJA, a party seeking a fee award must file an application within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment is defined as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has interpreted the term "final judgment" to "[refer] to judgments entered *by a court*

---

[3]The Court previously held that it was reasonable for the ALJ to conclude that the opinions of the treating physicians were not entitled to significant weight because they were not clinically or diagnostically supported. [Doc. 11]. In reaching that holding, the Court felt that there was sufficient evidence in the record to support the ALJ's finding. However, as the Sixth Circuit pointed out, by failing to provide "good reasons," the ALJ violated the federal regulations governing the rejection of the opinion of a treating physician. Therefore, while the decision to disregard the opinions of the treating physician's might have been reasonable, had it been properly supported by "good reasons," the ALJ's failure to properly explain his rationale was not reasonable, a result that weighs heavily in the substantial justification analysis.

8

*of law*, and does not encompass decisions rendered by an administrative agency." *Melkonyan v. Sec. of Health & Human Servs.*, 501 U.S. 89, 96 (1991). The *Melkonyan* Court went on to hold that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan*, 501 U.S. at 96. The *Melkonyan* Court further held that

> in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. . . . In sentence four cases, the filing period [for an EAJA claim] begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. In sentence six cases, the filing period does not begin until the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Id.* at 101-02.

The Court notes that Plaintiff's case was remanded pursuant to sentence four [Doc. 16], and therefore Plaintiff's application, filed January 9, 2006, is timely.

**AMOUNT OF FEES**

Plaintiff's counsel has submitted an itemization detailing the hours of service provided in this case. Mr. Miller seeks compensation for 71.9 attorney hours and .9 paralegal hours, for a total amount of $10,281.40. [Doc. 20, Attachment 3]. Plaintiff asks that the time be computed consistent with the decision in *Cook v. Barnhart*, 246 F. Supp.2d 908 (E.D. Tenn. 2003).

Mr. Miller seeks compensation for 71.9 attorney hours, which are reimbursable at a rate of $138.00 for 3.7 hours in 2003, at a rate of $141.00 for 39.9 hours in 2004, and at a rate of $145.00 for 28.3 hours in 2005, for a total of $10,240.00. He also seeks compensation for .9 paralegal hours, which are reimbursable at a rate of $46.00, for a total of $41.40. Thus, for attorney time and paralegal time, Plaintiff seeks a total amount of $10,281.40. [Doc. 20, Attachment 3]. Plaintiff seeks costs in the amount of $405.00. The Court finds no error in Plaintiff's calculations and, therefore, Plaintiff's Petition will be granted in the total amount of Ten Thousand Six Hundred Eighty Six Dollars and Forty Cents ($10,686.40).

**C.  Commissioner's Motion to Strike Plaintiff's Supplemental Brief in Support of Plaintiff's Petition for Attorney Fees and Costs Under the Equal Access to Justice Act**

The Commissioner has filed a Motion to Strike Plaintiff's Supplemental Brief in Support of Plaintiff's Petition for Attorney Fees and Costs Under the Equal Access to Justice Act [Doc. 34] on the grounds that Plaintiff did not seek prior approval of the Court before filing his supplemental brief. The Commissioner further argues that the subject matter of Plaintiff's supplemental brief is protected by the deliberative process privilege and cannot be considered under EAJA because it was not part of the record in the civil action.

Local Rule 7.1(d) provides, in pertinent part, that "[n]o additional briefs . . . in support of . . . a motion shall be filed without prior approval of the court, except that a party may file

a supplemental brief of no more than five (5) pages to call to the court's attention developments occurring after a party's final brief is filed." Plaintiff did not discover the matters discussed in his supplemental brief until after his final brief had been filed, so leave of the Court was not required prior to filing. Therefore, the Commissioner's motion to strike is denied.

However, the EAJA states that "whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The subject matter of Plaintiff's supplemental brief was not part of the record in the civil case, and therefore is not relevant to the EAJA determination. Therefore, the Court did not take Plaintiff's supplemental brief into consideration when deciding Plaintiff's Petition for Award of Fees. [Doc. 20].

**D. Conclusion**

For the reasons stated above, Plaintiff's Petition for Award of Fees [Doc. 20] is granted in the total amount of Ten Thousand Six Hundred Eighty Six Dollars and Forty Cents ($10,686.40). The Commissioner's Motion to Strike [Doc. 34] is denied.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE